[L. A. No. 9125. Department Two.—March 7, 1928.]

H. S. WOOLNER, Plaintiff, Cross-Defendant, and Appellant, v. HAWTHORNE IMPROVEMENT COMPANY et al., Defendants; THEODOSIA B. CONNER, Defendant, Cross-Complainant, and Respondent.

Fred W. Heath for Appellants.

Chas. S. Conner for Respondent.

RICHARDS, J.—This appeal is from an order of the trial court made and entered upon October 28, 1925, denying the motion of the plaintiff and appellant to set aside his default and the decree rendered against him thereon by reason of his failure to answer the cross-complaint of the substituted defendant in said action. The original com-

plaint in this action to quiet title to certain real property in the county of Los Angeles was filed on April 23, 1923. One of the original defendants in said action appears to have been E. A. Montgomery, who filed an answer therein, wherein she denied that the plaintiff was the owner of any interest in the particular lot or parcel of land involved in this appeal. Some time thereafter she transferred her right, title, and interest in said property to Theodosia B. Conner by deed dated May 5, 1925, duly recorded in the records of Los Angeles County. Thereafter and on or about June 18, 1925, said Theodosia B. Conner, served and filed in said action an answer and cross-complaint, in the latter of which she set forth affirmatively the chain of title upon which she relied for her ownership in fee of the particular lot in question, and upon which she prayed in her cross-complaint to have her title quieted thereto. The plaintiff's counsel was served with a copy of said answer and cross-complaint on June 18, 1925, and failed to answer the same, and his default for such failure to answer was entered on June 30, 1925. Thereafter and on July 6, 1925, the plaintiff moved to strike the answer of Theodosia B. Conner from the files upon the ground that it had been filed after issue had been joined through the previous filing of the answer of E. A. Montgomery, and that the answer of Theodosia B. Conner had been filed without leave of court first had and obtained. The trial court, upon a hearing thereon on said date, denied said motion, and its order denying the same not having been appealed from has become final. Judgment having been rendered and entered on August 10, 1925, upon said default, and no appeal having been taken therefrom, the said judgment became final within the time required by law, subject, however, to the right of the plaintiff to obtain relief therefrom under the provisions of section 473 of the Code of Civil Procedure. On or about October 27, 1922, the plaintiff served and filed a notice of motion to set aside said default and judgment, and for leave to answer said cross-complaint upon the grounds of inadvertence and excusable neglect, basing the same upon the affidavit of his attorney of record, wherein the latter undertook to set forth that said cross-complaint had been filed without leave of the court first had and obtained, and that said cross-com-

plaint was defective and insufficient, and that said plaintiff had a good and sufficient defense thereto upon the merits, and upon the further ground that the plaintiff had been absent from the county of Los Angeles during much of the intervening time since the entry of said default and judgment. A counter-affidavit was filed thereto by Charles S. Conner, attorney of record for the cross-complainant, wherein most of the averments of the affidavit of plaintiff's counsel in support of said motion were denied, and wherein also it was affirmatively set forth that at or about the time of the hearing of the plaintiff's first motion to strike out the answer of Theodosia B. Conner, the latter's counsel making said counter-affidavit, made an offer in open court that if the plaintiff would make and file his answer to the cross-complaint at once the affiant would submit to the vacation of said default, but that the plaintiff wholly disregarded said offer and knowingly allowed judgment to be taken on the default thirty-five days thereafter. Upon the hearing on the plaintiff's motion of October 28, 1925, the plaintiff presented and offered to file his answer to said cross-complaint. The trial court denied the motion on the date of the hearing thereon.

The only question presented upon this appeal is whether the trial court, under the foregoing circumstances, abused its discretion in refusing to grant the plaintiff's long-delayed motion to set aside said default and judgment. We are unable to discover any such gross abuse of discretion as would justify this court in setting aside the order of the trial court made and entered under the circumstances above set forth.

The order is affirmed.

Langdon, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices concurred.